Filed 1/13/16  P. v. Acosta CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051928 |
| v. | (Super. Ct. No. 94SF0516) |
| RAMON RODRIGUEZ ACOSTA | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Rodger Paul Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 1994, Appellant Ramon Rodriguez Acosta was convicted by a jury of first degree burglary (inhabited dwelling house). The jury found it true that Acosta was on bail at the time he committed the crime. After a separate proceeding, the trial court found to be true the allegations that Acosta had suffered two prior serious felonies and 16 felonies in total. It sentenced Acosta to state prison for 25 years to life under the Three Strikes law plus 10 years for the two serious felonies. Acosta moved to have one of the strikes stricken and was denied. He appealed, and his conviction was upheld.

Seventeen years later he petitioned for relief under Proposition 36. He was refused because his crimes did not qualify for consideration under the new law.

In January of 2015, he petitioned the trial court under Proposition 47 for resentencing. His petition was denied on the same basis.

We appointed counsel to represent him on that appeal. Counsel filed a brief which set forth the procedural facts of the case (the facts of the crimes themselves are largely irrelevant because the argument is solely directed at Acosta's plea and the application to it of Pen. Code, § 1170.18). Counsel did not argue against his client, but advised us there were no issues to argue on his behalf.

Acosta was invited to express his own objections to the proceedings against him, and filed with us a brief that raises two issues: the constitutionality of California's definition of "serious crimes" for Three Strikes law treatment, and the equity of applying that law to him after 21 years of acceptable prison behavior.

The first issue is based upon an erroneous premise. Acosta argues that enhancement of his sentence under the Three Strikes law sentencing scheme is unconstitutional under *In re Winship* (1970) 397 U. S. 358, because it amounts to the application of a presumption that is not reasonably related to fact. His argument is that not all burglaries are violent or result in violence, so treating burglary as a violent felony for purposes of Penal Code section 1192.7, subdivision (c) amounts to an unconstitutional presumption.

The immediate problem with this argument is that the statutory scheme does not treat burglary as a "violent" crime, but rather as a "serious" one. Acosta was not sentenced to 25 years to life because burglary is a *violent* crime but because the Legislature has defined it as a *serious* crime meriting serious treatment. While Acosta's argument might fail even if we analyzed it as a presumption having to do with the likelihood of violence in burglaries, it clearly fails when analyzed as an objection to the legislative determination that burglary is a serious crime. Deciding what crimes are serious is unquestionably a legislative function and does not involve reliance on any presumption.

As for Acosta's argument that "mitigating circumstances take him outside the spirit of the Three Strikes law," we cannot agree. Acosta suffered 16 felony convictions before the present offense. This was the third of those that was serious or violent. He is precisely the person the Legislature had in mind for treatment under the Three Strikes law.

He has apparently lived an exemplary life in prison. He has attached favorable "chronos" and his attorney tells us he is suffering from hypertension and diabetes and would therefore not be a threat if released from prison. But that is not the issue we get to address. All we can decide is whether the court acted reasonably in sentencing him under the Three Strikes law. It did. His oft-demonstrated inability to function well outside the prison environment left the trial court no choice but to sentence him as it did, and there is no basis in law or logic for reversal of that choice.

Under the law, we are required to review the record and see if we can find any issues that might result in a finding of error when an attorney tells us he/she is unable to. (*People v. Wende* (1979) 25 Cal.3d 436.) We have done so. We have looked not just at the issues Acosta raised but for whatever other issues might exist. It should be emphasized that our search was not for issues upon which Acosta *would* prevail, but only issues upon which he *might possibly* prevail.

3

We have found no arguable issue.  Appellate counsel was correct in concluding there was no arguable issue on appeal.

The order is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.